# UNITED STATES DISTRICT COURT
### for the
### EASTERN DISTRICT OF KENTUCKY
### LONDON DIVISION


| | | |
|---|---|---|
| **JAMES MURRAY** | ) | |
|                            Plaintiff | ) | |
| v. | ) | |
| | ) | |
| **TROOPER FRED PENNINGTON** | ) | |
| Kentucky State Police Post 11 | ) | |
| 11 State Police Road | ) | |
| London, Kentucky  40741 | ) | |
| | ) | |
|      **Serve:** Trooper Fred Pennington | ) | |
|      c/o Kentucky State Police Post 11 | ) | |
|      11 State Police Road | ) | |
|      London, Kentucky  40741 | ) | Civil Action No. _____ |
| **and** | ) | |
| | ) | |
| **KENTUCKY STATE POLICE** | ) | |
| Post 11 | ) | |
| 11 State Police Road | ) | |
| London, Kentucky  40741 | ) | |
| | ) | |
|      **Serve:**  Captain Matthew S. Scott | ) | |
|      Kentucky State Police Post 11 | ) | |
|      11 State Police Road | ) | |
|      London, Kentucky  40741 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **LAUREL COUNTY JAIL** | ) | |
| 206 West Fourth Street | ) | |
| London, Kentucky  40741 | ) | |
| | ) | |
|      **Serve:** Jailer Jamie Mosley | ) | |
|      206 West Fourth Street | ) | |
|      London, Kentucky  40741 | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |



**and** )
)
**Unnamed Employees at the** )
**Laurel County Jail** )
)
    **Serve:** Jailer Jamie Mosley )
    206 West Fourth Street )
    London, Kentucky 40741 )
)
)
**Laurel County, Kentucky** )
)
    **Serve:** David Westerfield )
    Laurel County Judge Executive )
    101 South Main Street )
    London, Kentucky 40741 )
)
                   Defendants. )

---

## COMPLAINT

Comes the Plaintiff, James Murray, by counsel, for his Complaint and hereby states as follows:

### I.    Introduction

On or about June 21, 2010, Plaintiff James Murray was driving on a public road in Laurel County, Kentucky. Defendant Trooper Fred Pennington stopped Mr. Murray's vehicle because he allegedly suspected that Mr. Murray had improperly passed another vehicle. Trooper Pennington did not witness the alleged improper passing, but was informed of such by another motorist. Trooper Pennington stopped Mr. Murray's automobile based on the other motorist's description.

Trooper Pennington pulled Mr. Murray to the side of the road, exited his cruiser, and approached Mr. Murray's vehicle. Trooper Pennington ordered Mr. Murray to exit the vehicle,

2

and verbally reprimanded him for the alleged reckless driving. Mr. Murray responded that he did not know the nature the allegations, and respectfully informed Trooper Pennington that he had done nothing wrong. Trooper Pennington began screaming at Mr. Murray, and butted Mr. Murray's forehead with the bill of his hat. Mr. Murray was scared and again denied any wrongdoing. Trooper Pennington then spun Mr. Murray around, kicked his legs from underneath him, causing Mr. Murray to fall to the ground, and resulting in physical injury. Mr. Murray was then arrested by Trooper Pennington and taken to the Laurel County Jail.

Mr. Murray suffered broken ribs as a result of the actions of Trooper Pennington, and complained to Trooper Pennington about the accompanying pain. Trooper Pennington took Mr. Murray to the Laurel County Jail, where he stayed for approximately 11 hours. During his time in the Laurel County Jail, Mr. Murray complained to the staff about pain, but he was not examined by any medical staff. Mr. Murray learned of his injuries during a hospital visit after he was released.

## CLAIMS

Plaintiff asserts the following claims:

1) Violation of 42 U.S.C. §1983: Excessive Force;

2) Violation of 42 U.S.C. §1983: Unlawful Arrest;

3) Violation of 42 U.S.C. §1983: Unlawful Detention and Confinement;

4) Violation of 42 U.S.C. §1983: Cruel and Unusual Punishment

5) Violation of 42 U.S.C. §1983: Refusal or Neglect to Prevent Harm

6) False Imprisonment

7) Assault

8) Battery

9)  Intentional Infliction of Emotional Distress

10) Negligence

11) Gross Negligence

## JURISDICTION AND VENUE

1.  Jurisdiction of this court arises under 28 U.S.C. §§ 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. §§ 1983, 1985, 1986, and 1988; and 18 U.S.C. §1961-1968.  Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P. 18(a), and arises under the doctrine of pendent jurisdiction as set forth in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

## PARTIES

2.  The Plaintiff, James Murray, is a Tennessee citizen and resides at 1449 Buxton Drive, Knoxville, Tennessee  37922.  Mr. Murray was a resident of London, Laurel County, Kentucky during all relevant times of this action.

3.  Defendant Trooper Fred Pennington is an employee and officer of the Kentucky State Police, and was an employee and officer of the Kentucky State Police at all times relevant to this Complaint.  The Defendant resides in Laurel County, Kentucky.

4.   Defendant Kentucky State Police is a law enforcement agency organized under the laws of the Commonwealth of Kentucky.  It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It was also the public employer of Defendant Fred Pennington at all times relevant to this Complaint.

4

5. Defendant Laurel County Jail is a detention facility owned and operated by Laurel County, Kentucky.

6. Defendant Laurel County, Kentucky is a political subdivision of the Commonwealth of Kentucky.

7. Plaintiff sues all public employees in their official and individual capacities.

## FACTS

8. On or about June 21, 2010, Trooper Fred Pennington pulled over the Plaintiff's automobile in Laurel County, Kentucky.

9. Trooper Pennington stopped Mr. Murray's automobile because another citizen informed Trooper Pennington that a car similar to Mr. Murray's car violated traffic laws.

10. Trooper Pennington did not see Mr. Murray violate any traffic laws, regulations, etc.

11. Trooper Pennington stopped Mr. Murray's automobile solely because it matched the description provided by the citizen who informed Trooper Pennington.

12. Trooper Pennington asked Mr. Murray to step outside his vehicle.

13. Trooper Pennington then spun Mr. Murray around and swept his legs out from beneath him, causing Mr. Murray to fall to the ground.

14. The fall caused Mr. Murray to break some ribs.

15. Trooper Pennington then arrested Mr. Murray and took him to the Laurel County Jail.

16. Mr. Murray requested medical attention while at the Laurel County Jail, but was denied medical care.

17. Mr. Murray spent approximately 11 hours in the Laurel County Jail.

18. Upon his release from the Laurel County Jail Mr. Murray visited a hospital, where he learned that his ribs were broken.

## CAUSES OF ACTION

### COUNT I:  VIOLATION OF 42 U.S.C. § 1983 – EXCESSIVE FORCE

19. Paragraphs 1 through 18 above are hereby incorporated by reference and made part of this paragraph 19.

20. That at all times relevant herein, the conduct of all Defendants was subject to 42 U.S.C. §§ 1983, 1985, 1986, and 1988.

21. That, under color of law, the Defendant Trooper Fred Pennington violated rights, privileges and/or immunities guaranteed to Mr. Murray by the United States Constitution by illegally seizing Mr. Murray without the necessary reasonable articulable suspicion.

22. That the Kentucky State Police negligently trained Trooper Pennington in the proper police procedures.

23. That as a result of the unlawful and malicious use of excessive force by Trooper Pennington, Mr. Murray was deprived of her liberty without due process of the law and in violation of his right to equal protection under the laws, and that the due course of justice was impeded in violation of the Fourth and Eighth Amendments of the United States Constitution and 42 U.S.C. § 1983.

24. In the alternative, and without waiving the foregoing, that the aforementioned excessive use of force by Trooper Pennington on the Plaintiff constituted a reckless and/or callous indifference to the Plaintiff's federally protected rights.

25. That the Defendant Kentucky State Police is liable under the doctrine of *respondeat superior*.

26. *WHEREFORE*, Plaintiff demands judgment for the Excessive Force suffered against Defendant Trooper Pennington and Defendant Kentucky State Police jointly and severally, for actual, general, special, and compensatory damages in excess of the minimal

jurisdictional limit of this Court; and further demands judgment, jointly and severally, for punitive damages in excess of the minimal jurisdictional limit of this Court, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT II:  VIOLATION OF 42 U.S.C. § 1983 – UNLAWFUL ARREST

27. Paragraphs 1 through 26 above are hereby incorporated by reference and made part of this paragraph 27.

28. That at all times relevant herein, the conduct of all Defendants was subject to 42 U.S.C. §§ 1983, 1985, 1986, and 1988.

29. That, under color of law, the Defendants violated rights, privileges and/or immunities guaranteed to Mr. Murray by the United States Constitution by (1) depriving Mr. Murray of his liberty without due process of law, (2) by taking him into custody and holding him there against his will, and (3) by making an unreasonable search and seizure of his person without due process of law.

30. That the Kentucky State Police negligently trained Trooper Pennington in proper police procedures.

31. In the alternative, and without waiving the foregoing, that the aforementioned arrest of the Plaintiff constituted a reckless and/or callous indifference to the Plaintiff's federally protected rights.

32. That the Defendant Kentucky State Police is liable under the doctrine of *respondeat superior*.

33. *WHEREFORE*, Plaintiff demands judgment for the Unlawful Arrest suffered against Defendant Trooper Pennington and Defendant Kentucky State Police jointly and severally, for actual, general, special, and compensatory damages in excess of the minimal

jurisdictional limit of this Court; and further demands judgment, jointly and severally, for punitive damages in excess of the minimal jurisdictional limit of this Court, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable

**COUNT III:  VIOLATION OF 42 U.S.C. § 1983 – DETENTION AND CONFINEMENT**

34. Paragraphs 1 through 33 above are hereby incorporated by reference and made part of this Paragraph 34.

35. As a result of the concerted unlawful and malicious detention and confinement of the Plaintiff, the Defendants deprived Mr. Murray of both his right to liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

36. In the alternative, and without waiving the foregoing, that the aforementioned detention and confinement of the Plaintiff constituted a reckless and/or callous indifference to the Plaintiff's federally protected rights

37. That the Defendant Kentucky State Police is liable under the doctrine of *respondeat superior*.

38. *WHEREFORE*, Plaintiff demands judgment for the Unlawful Detention and Confinement suffered against all the Defendants jointly and severally, for actual, general, special, and compensatory damages in excess of the minimal jurisdictional limit of this Court; and further demands judgment, jointly and severally, for punitive damages in excess of the minimal jurisdictional limit of this Court, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT IV: VIOLATION OF 42 U.S.C. § 1983 – INFLICTION OF

## CRUEL AND UNUSUAL PUNISHMENT

39. Paragraphs 1 through 38 above are hereby incorporated by reference and made part of this paragraph 39.

40. That at all times relevant herein, the conduct of all Defendants was subject to 42 U.S.C. §1983.

41. That Plaintiff's medical needs during the time period set herein, were of a sufficiently serious nature to qualify under an Eighth Amendment violation.

42. That Defendants' had a culpable state of mind in delaying medical care in that they failed to take any action, despite knowledge of a substantial risk of serious harm to Plaintiff.

43. That under color of law, through Defendants' deliberate indifference and grossly negligent conduct, the Defendants worked a denial of Plaintiff's rights, privileges, and/or immunities secured by the United States Constitution or other Federal law, by depriving Plaintiff, without due process of law of his right not to be subjected to cruel and unusual punishment under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of the Civil Rights Act of 1871, 42 U.S.C. §1983.

44. That the Defendant Kentucky State Police is liable under the doctrine of *respondeat superior*.

45. *WHEREFORE*, Plaintiff demands judgment for the Cruel and Unusual Punishment suffered against all the Defendants jointly and severally, for actual, general, special, and compensatory damages in excess of the minimal jurisdictional limit of this Court; and further demands judgment, jointly and severally, for punitive damages in excess of the minimal

jurisdictional limit of this Court, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT V:  VIOLATION OF 42 U.S.C. § 1983 – REFUSING OR NEGLECTING TO PREVENT HARM

46. Paragraphs 1 through 45 above are incorporated by reference and made part of this Paragraph 46.

47. At all times relevant to this Complaint, the Defendant Trooper Pennington, as a duly appointed Police Officer of the Kentucky State Police, was acting under the direction and control of the Kentucky State Police.

48. Acting under color of law and pursuant to official policy or custom, the Kentucky State Police knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis, the Defendant Police Officer in his duties, to refrain from:

    (a)    unlawfully and maliciously harassing a citizen who was acting in accordance with her constitutional and statutory rights, privileges, and immunities, and/or

    (b)    unlawfully and maliciously arresting, imprisoning and prosecuting a citizen who was acting in accordance with her Constitutional and statutory rights, privileges, and/or immunities, and/or

    (c)    otherwise depriving Plaintiff of his Constitutional and statutory rights, privileges, and immunities.

49. Defendant Kentucky State Police had knowledge or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs done, as heretofore alleged, were about to be committed. Defendant Kentucky State Police had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

50. Defendant Kentucky State Police directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of the Defendant Police Officer heretofore described.

51. As a direct and proximate cause of the negligent and intentional acts of Defendant Kentucky State Police as set forth above, Plaintiff suffered humiliation, loss of income, severe emotional distress and severe mental anguish in connection with the deprivation of her constitutional and statutory rights guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. sec. 1983.

52. *WHEREFORE*, Plaintiff demands judgment for the Refusal of Neglect to Prevent Harm suffered against the Defendant Kentucky State Police for actual, general, special, and compensatory damages in excess of the minimal jurisdictional limit of this Court; and further demands judgment for punitive damages in excess of the minimal jurisdictional limit of this Court, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT VI:  FALSE IMPRISONMENT

53. Paragraphs 1 through 52 above are hereby incorporated by reference and made part of this Paragraph 53.

54. At all times relevant herein, **(a)** the Defendants acted with the intention of confining Plaintiff within fixed boundaries, **(b)** the act directly or indirectly resulted in confinement, and **(c)** Plaintiff was conscious of the confinement.

55. That said restraint was wrongful, improper, and without a claim of reasonable justification, authority or privilege.

56. As a direct and proximate result of the conduct of the Defendants, Mr. Murray suffered harm and damages including but not limited to the aforesaid damages.

57. That the actions of the Defendants in falsely imprisoning the Mr. Murray justify punitive damage awards against said Defendants.

58. That the Defendants Kentucky State Police, Laurel County, and Laure County Jail are liable under the doctrine of *respondeat superior*.

59. *WHEREFORE*, Plaintiff demands judgment against all Defendants for actual, special, punitive and compensatory damages, in an amount greater than the jurisdictional minimum of this honorable Court, deemed at time of trial to be just, fair, and appropriate.

## COUNT VII:  ASSAULT

60. Paragraphs 1 through 59 above are hereby incorporated by reference and made part of this Paragraph 60.

61. That James Murray is a reasonable person.

62. That during the arrest of Plaintiff, the actions of the Defendant Trooper Pennington constituted unlawful acts which placed Plaintiff in reasonable apprehension of receiving an immediate battery.

63. As a direct and proximate result of the conduct of the Defendants, Mr. Murray suffered harm and damages including but not limited to the aforesaid damages.

64. That the actions of Defendant Police Officer, in assaulting the Plaintiff, justify punitive damage awards against said Defendants.

65. That the Defendant Kentucky State Police is liable under the doctrine of *respondeat superior*.

66. *WHEREFORE*, Plaintiff demands judgment against Defendant Trooper Pennington and Defendant Kentucky State Police for actual, special, punitive and compensatory damages, in an amount greater than the jurisdictional minimum of this honorable Court, deemed at time of trial to be just, fair, and appropriate.

### COUNT VIII:  BATTERY

67. Paragraphs 1 through 66 above are hereby incorporated by reference and made part of this Paragraph 67.

68. Without the consent of Mr. Murray, Defendant Trooper Pennington intentionally, harmfully, and offensively touched the Plaintiff by kicking his legs from underneath him, and causing him to fall to the ground and fracture several ribs.

69. As a direct and proximate result of the conduct of the Defendants, Mr. Murray suffered harm and damages including but not limited to the aforesaid damages.

70. That the actions of Defendant Police Officer, in battering the Plaintiff, justify punitive damage awards against said The Defendants.

71. That the Defendant Kentucky State Police is liable under the doctrine of *respondeat superior*.

72. *WHEREFORE*, Plaintiff demands judgment against Defendant Trooper Pennington and Defendant Kentucky State Police for actual, special, punitive and compensatory damages, in an amount greater than the jurisdictional minimum of this honorable Court, deemed at time of trial to be just, fair, and appropriate.

## COUNT IX:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

73. Paragraphs 1 through 72 above are hereby incorporated by reference and made part of this Paragraph 73.

74. That the Defendant intentionally and deliberately inflicted emotional distress on Mr. Murray by stopping his vehicle, sweeping his legs, and leaving him in jail for approximately 11 hours with broken ribs, and that the Defendants knew or should have known that emotional distress was the likely result of their conduct.

75. Defendants conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

76. That the Plaintiff suffered humiliation, shame, and extreme emotional distress, and that the actions of the Defendants were the direct and proximate cause of Mr. Murray's extreme emotional distress.

77. That the Plaintiff is a reasonable man.

78. That the actions of the Defendants were the direct and proximate cause of the severe emotional distress sustained by Mr. Murray.

79. That the actions of the Defendants, in intentionally inflicting emotional distress on the Plaintiff, justify punitive damage awards against said Defendants.

14

80. That the Defendant Kentucky State Police is liable under the doctrine of *respondeat superior*.

81. *WHEREFORE*, Plaintiff demands judgment against all Defendants for actual, special, punitive and compensatory damages, in an amount greater than the jurisdictional minimum of this honorable Court, deemed at time of trial to be just, fair, and appropriate.

## COUNT X:  NEGLIGENCE

82. Paragraphs 1 through 81 above are incorporated herein by reference and made part of this Paragraph 82.

83. Defendant Trooper Pennington owed a duty of care to the Plaintiff to follow the proper police policies, procedures, and techniques, and to act as a reasonable police officer under the same circumstances to ensure the Plaintiff's safety.

84. Defendant Trooper Pennington breached this duty of care by

   (a)   failing to follow standard police procedures, and/or

   (b)   failing to act as a reasonable police officer under the same or similar circumstances.

85. Defendant Kentucky State Police owed a duty of care to hire, train, and supervise the Defendant Trooper Pennington, and to take steps to prevent events such as occurred here.

86. Defendant Kentucky State Police breached this duty of care by

   (a)   failing to use care in hiring Defendant Trooper Pennington, and/or

   (b)   failing to properly train the Defendant Trooper Pennington, and/or

   (c)   failing to supervise the Defendant Trooper Pennington to ensure his conduct was to the standard of ordinary police officers.

15

87. Defendants Laurel County, Laurel County Jail, and Unknown Members of the Laurel County Jail Staff owed a duty of care to the Plaintiff to provide reasonable medical treatment in the event that the Plaintiff suffered from injuries.

88. Defendants Laurel County, Laurel County Jail, and Unknown Members of the Laurel County Jail Staff breached this duty of care by neglecting to examine the Plaintiff when he complained of pain and requested medical treatment.

89. That this breach of duty by the Defendants was the actual and proximate cause of the injuries sustained by Plaintiff.

90. That the Plaintiff suffered damages as a result of the injury inflicted by Defendant Trooper Pennington.

91. That the Defendant Kentucky State Police also liable under the doctrine of *respondeat superior*.

92. *WHEREFORE*, Plaintiff demands judgment against all Defendants for actual, special, punitive and compensatory damages, in an amount greater than the jurisdictional minimum of this honorable Court, deemed at time of trial to be just, fair, and appropriate.

## COUNT XI:  GROSS NEGLIGENCE

93. Paragraphs 1 through 92 above are incorporated herein by reference and made this Paragraph 93.

94. Defendant Kentucky State Police owed a duty of care to hire, train, and supervise the Defendant Officers, and to take steps to prevent events such as occurred here.

95. Defendant Kentucky State Police breached this duty by failing to exercise even slight care to when hiring, training, and/or supervising the Defendant Trooper Pennington.

96. Defendant Trooper Pennington owed a duty of care to Plaintiff.

97. Defendant Trooper Pennington breached this duty by failing to exercise even slight care, and acted in a manner consistent with wanton or reckless disregard for the life and safety of Mr. Murray.

98. That the Defendant Police Officer's breach of duty was so egregious that it rises to the level of gross negligence and supports an award of punitive damages.

99. That this breach of duty by Defendant Kentucky State Police and Defendant Trooper Pennington was the actual and proximate cause of the injuries sustained by Plaintiff.

100.   That the Plaintiff suffered damages as a result of the injury inflicted by Defendant Trooper Pennington.

101.   That the Defendant Kentucky State Police also liable under the doctrine of *respondeat superior*.

102.   *WHEREFORE*, Plaintiff demands judgment against Defendant Trooper Pennington and Defendant Kentucky State Police for actual, special, punitive and compensatory damages, in an amount greater than the jurisdictional minimum of this honorable Court, deemed at time of trial to be just, fair, and appropriate.

## DAMAGES

103.   Paragraphs 1 through 102 above are incorporated herein by reference and made part of this Paragraph 103.

104.   Plaintiff's physical, mental and emotional anguish and pain and suffering were unnecessary and preventable.  Plaintiff is entitled to recover for the wanton and unnecessary pain and suffering he endured.  Defendants' violations of Plaintiff's Constitutional and

common law rights were cruel, malicious, and evinced a total and reckless disregard for Plaintiff's rights, entitling her to recover punitive damages and attorney's fees from Defendants in order to deter such conduct in the future.

**WHEREFORE,** the Plaintiff would respectfully demand as follows:

1.      Judgment against the Defendants, in a sum reasonably calculated to compensate the Plaintiff for his injuries and damages, including, but not limited to, recovery for physical, mental and emotional stress, and reimbursement for legal fees in prosecuting this case as a result of the Defendants' actions, pre- and post- judgment interest, costs, attorneys' fees;

2.      Punitive damages;

3.      Trial by jury;

4.      For any and all other relief, which the Court may deem appropriate.

Respectfully Submitted,

/s Gregory D. Simms
GREGORY D. SIMMS
GRUNER & SIMMS, PLLC
455 S. Fourth Street, Suite 1228
Louisville, Kentucky  40202
P:  502.618.4949
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I herby certify that the foregoing Complaint was filed via the ECF case management system in the United States District Court for the Eastern District of Kentucky, London Division, on this the 9th day of June, 2011.


s/ Gregory D. Simms
GREGORY D. SIMMS